UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
GLORIA GORHAM, ASHANTI GORHAM
SADIE MILES, SADIESHA MILES,
DENIESHA LEE,  LARIESE MILES

|  |  |
|---|---|
| Plaintiffs | COMPLAINT |
| -against- | JURY TRIAL DEMANDED |

CITY OF NEW YORK , P.O. JOHN MURPHY, P.O.DIMITRY BRUSHNIVSKY,P.O. ANDREW LASSEN, P.O. FABIZIO, P.O SCALAZO  SGT. DONALLOSKI,

Defendants
------------------------------------------------------------------------------------- ---X

Plaintiffs   GLORIA GORHAM, ASHANTI GORHAM, SADIE MILES, SADIESHA MILES DENIESHA LEE and LARIESE MILES,   by their  attorney,  the Law Office of Andrew Bersin, hereby brings this action under 42 U.S.C.  section 1983 to redress their civil and legal rights and alleges as follows:

PRELIMINARY STATEMENT

1. This is a civil rights action which the above named plaintiffs , seek  relief  for the defendants' violations of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. 1983, by the United States Constitution including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. Plaintiffs seek compensatory and punitive damages , an award of costs and interest and attorney's fees and such other and further relief as this Court deems just and proper.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. 139(b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the Eastern District of New York, and the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED,

5. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

6. At all times relevant to this action, Plaintiffs GLORIA GORHAM, ASHANTI GORHAM, SADIE MILES, DENISESHA LEE and SADIESHA MILES were residents of Richmond County, New York.

2

7. At all times relevant to this action, Plaintiff, LARIESA MILES, was a resident of New York County.

8. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times herein the public employer of Defendants P.O. JOHN MURPHY, P.O.DIMITRY BRUSHNIVSKY, P.O. ANDREW LASSEN, P.O. FABIZIO, P.O SCALAZO, SGT. DONALLOSKI, and other unnamed police officers.

9. Defendants, P.O. JOHN MURPHY, P.O.DIMITRY BRUSHNIVSKY, P.O. ANDREW LASSEN, P.O. FABIZIO, P.O SCALAZO, SGT. DONALLOSKI, and other unnamed police officers are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, the individual defendants were acting under color of laws, statutes, ordinances, regulations, policies, customs and /or usages of the State of New York and the New York City Police Department in course and scope of all their duties and functions as officers, agents, servants and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the

City of New York and the New York City Police Department and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

10. By their conduct, acts, and omissions complained of herein, Defendants P.O. JOHN MURPHY, P.O.DIMITRY BRUSHNIVSKY,P.O. ANDREW LASSEN, P.O. FABIZIO, P.O SCALAZO , SGT. DONALLOSKI, and other unnamed New York City Police Officer, violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

11. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claim against the CITY OF NEW YORK.

12. The plaintiff, GLORIA GORHAM was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50H on

13. To date no compensation has been offered by Defendant CITY OF NEW YORK.

14. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this COMPLAINT.

## STATEMENT OF FACTS

4

15. On Aug 25, 2013, the plaintiffs were attending a memorial birthday party for two deceased children of SADIE MILES, located at 138 Holland Ave in Staten Island, New York.

16. The New York City Police Department had patrol cars at that location prior to an incident occurring and were apparently monitoring what was taking place at the party.

17. There was no alcohol being consumed at the location prior to the incident taking place.

18. The New York City Police, amongst them officers, JOHN MURPHY, DIMITRY BRUSHNIVSKY, ANDREW LASSEN, FABIZIO, P.O SCALAZO, SGT. DONALLOSKI, at approximately 7:30pm then confronted one of the guests, Marvin Gorham, demanding he produce identification while standing in front of 138 Holland Ave.

19. Thereafter, P.O. MURPHY assaulted plaintiff ASHANTI GORHAM, P.O. SCALAZO, P.O. BRUSHNIVSKY, P.O. LASSEN assaulted GLORIA GORHAM in that they pushed her to the ground, kicked her about the body and punched her in the face and further physically brutalized while she was in the patrol car being transported to the precinct. Additionally SADIESHA MILES was thrown to the ground and subjected to excessive force. The plaintiff SADIE MILES was assaulted and thrown to the ground. The plaintiff LARIESE MILES was assaulted and sustained contusions and bruises. The plaintiff DENISESHA LEE, was subjected while in the patrol car to being fondled and groped.

FIRST CLAIM: EXCESSIVE FORCE

5

DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983

20. Plaintiff re-alleges and incorporates by reference the allegations set forth in each proceeding paragraph as if fully set forth herein.

21. The conduct and actions of Defendants named above acting in concert and under color of law, in authorizing, directing and/or causing injuries to plaintiffs by using excessive and unreasonable force upon said plaintiffs, was done intentionally, willfully, racially motivated, maliciously, with deliberate indifference and /or with reckless disregard for the natural and probable consequences of their acts, done without lawful justification or reason and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive , unreasonable, and unjustifiable force.

22. As a direct and proximate result of the foregoing, Plaintiffs were subjected to great physical and emotional pain and humiliation, were deprived of their liberty and were otherwise the damaged and injured

ASSAULT AND BATTERY

COMMON LAW CLAIM

23. Plaintiff alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

6

24. By the conduct and actions described above named Defendants , inflicted the torts of assault and battery upon Plaintiffs. The acts and conduct of above named defendants were the direct and proximate cause of injury and damage to PLAINTIFFS and violated Plaintiffs statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.,

25. The above named Defendants acts constituted an assault upon plaintiffs in that they intentionally attempted to injure plaintiffs or committed battery upon them and further that that these acts represented a grievous affront to plaintiffs.

26. The above named Defendants acts constituted battery upon plaintiffs in that the above described bodily contact was unauthorized and grossly offensive in nature.

27. The actions of these defendants were intentional , reckless, and unwarranted and without any justification or provocation and the above named defendants , knew or should have known that their actions were without consent of plaintiffs.

28. The injuries sustained by Plaintiffs were caused wholly and solely by reason of the conduct described and plaintiffs did not contribute thereto.

29. As a direct and proximate result of the foregoing Plaintiffs were subjected to great physical and emotional pain and humiliation were deprived of their liberty and were otherwise damaged and injured.

## INTENTION INFLICTION OF EMOTIONAL DISTRESS

## COMMON LAW CLAIM

30. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

7

31. The above named defendants conduct as fully set forth in the statement of facts which included the physical brutalization of Plaintiffs without provocation or justification was extreme, outrageous and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency .

32. The Defendants ' conduct describe above, was intended to and did cause emotional distress to plaintiffs.

33. The conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

34. As a result of the foregoing Plaintiffs were deprived of their liberty were subjected to serious physical emotional pain and suffering, and were, otherwise damaged and injured.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## COMMON LAW CLAIM

35. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

36. The above named Defendants conduct in assaulting and battering of Plaintiffs, was careless and negligent as to the emotional health of Plaintiffs and caused severe emotional distress to plaintiffs.

37. The acts and conduct of Defendants was the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

38. As a result of the foregoing, Plaintiffs were deprived of their liberty, were subjected to serious physical and emotional pain and suffering and were otherwise damaged and injured

NEGLIGENCE

COMMON LAW CLAIM

39. Plaintiff re-alleges and incorporates and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

40. Defendant LASSEN while acting as agent and employee for the City of New York, in his capacity as a police officer for CITY OF NEW YORK, owed a duty to plaintiff to perform his police duties without the use of excessive force. Defendant LASSEN'S use of force upon Plaintiff when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to defendants or to others constitutes negligence for which Defendant LASSEN is directly liable.

41. Defendant LASSEN use of force against Plaintiffs constitutes negligence for which Defendant LASSEN is directly liable

42. As a proximate result of defendant LASSEN'S negligent use of excessive force, Plaintiff suffered physical and emotional pain and suffering and was otherwise damaged and injured.

NEGLIGENT RESPONDEAT SUPRIOR LIABILITY OF THE CITY OF NEW YORK

FOR STATE LAW VIOLATIONS

COMMON LAW

43. Plaintiff re-alleges and incorporates and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

44. The conduct of Defendant LASSEN , as alleged herein occurred while he was on duty and in uniform in and during the course and scope of their duties and functions as a New York City police officer, and while he was acting as an agent and employee of Defendant CITY OF NEW YORK. As a result Defendant CITY OF NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

## NEGLIGENT SUPERVISION, RETENTION AND TRAINING

## COMMON LAW

45. Plaintiff re-alleges and incorporates and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

46. DEFENDANT CITY OF NEW YORK, negligently trained, retained, and supervised Defendant LASSEN and other New York City Police Officers. The acts and conduct of Defendant LASSEN, was the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the law and Constitution of the State of New York.

47. As a result of the foregoing , Plaintiffs were deprived of their liberty , were subjected to great physical and emotional pain and suffering and was otherwise damaged and injured.

WHEREFORE , Plaintiffs demand the following relief jointly and severally against all of the defendant:

10

    a. Compensatory damages in the amount to be determined by a jury.

    b. Punitive damages in an amount to be determined by a jury.

    c. The convening and empanelling of a jury to consider the merits of the claims herein:

    d. Costs and interest and attorney's fees:

    e. Such other and further relief as this Court may deem just and proper

Dated:  November 21, 2014
Newburgh, New York 12550

_____
Andrew Bersin (AB-8987)
LAW OFFICE OF ANDREW BERSIN
11 Peter Ave
Newburgh, New York 12550
(845)527-8812 abersin@aol.com

11