UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X          14 CV 6865 (ENV) (RLM)
GLORIA GORHAM, ASHANTI GORHAM
SADIE MILES, SADIESHA MILES,
DENIESHA LEE,  LARIESE MILES

                                  Plaintiffs                                AMENDED COMPLAINT

        -against-

CITY OF NEW YORK ,  P.O.  JOHN MURPHY, P.O.DIMITRY
BRUSHNIVSKY,P.O.  ANDREW LASSEN, P.O. JOHN FABRIZIO,
and  P.O NICHOLAS  SCALZO  ,


                                  Defendants

-------------------------------------------------------------------------------- ---X


        Plaintiffs   GLORIA GORHAM, ASHANTI GORHAM, SADIE MILES, SADIESHA MILES

DENIESHA LEE and LARIESE MILES,   by their  attorney,  the Law Office of Andrew Bersin,

hereby brings this action under 42 U.S.C.  section 1983 to redress their civil and legal rights and

alleges as follows:

PRELIMINARY STATEMENT

1. This is a civil rights action which the above named plaintiffs , seek  relief  for the

    defendants' violations of their rights secured by the Civil Rights Act of 1871, 42

    U.S.C. 1983, by the United States Constitution including its First, Fourth and

    Fourteenth Amendments and by the laws and Constitution of the State of New York.

    Plaintiffs seek compensatory and punitive damages , an award of costs and interest

    and attorney's fees and such other and further relief as this Court deems just and

    proper.

1

JURISDICTION AND VENUE

2.  This action  is brought pursuant to 42 U.S.C. 1983  and 1988, and the First, Fourth

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is

conferred upon this Court by 28 U.S.C.  1331 and 1343, this being an action seeking

redress for the violation of the Plaintiffs' constitutional and civil rights.

3.  Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C.

1367, over any and all state law claims and as against all parties that are so related

to claims in this action within the original jurisdiction of this court that they form

part of the same case or controversy.

4.  Venue in this District is proper under 28 U.S.C.   139(b) and  (c) in that Defendant

CITY OF NEW YORK  is administratively located within the Eastern District of New

York, and the events giving rise to this claim occurred within the boundaries of the

Eastern District of New York.

JURY TRIAL DEMANDED,

5.  Plaintiffs demand a trial by jury on each and every one of their claims as pleaded

herein.

PARTIES

6.   At all times relevant to this action, Plaintiffs GLORIA GORHAM, ASHANTI GORHAM,

SADIE MILES, DENISESHA LEE  and SADIESHA MILES were  residents  of Richmond

County, New York.

2

7. At all times relevant to this action, Plaintiff, LARIESA MILES , was a resident of New York County .

8. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York . It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times herein the public employer of Defendants P.O. JOHN MURPHY, P.O.DIMITRY BRUSHNIVSKY, P.O. ANDREW LASSEN, P.O. JOHN FABRIZIO, P.O, NICOHOLAS SCALZO, and other unnamed police officers.

9. Defendants , P.O. JOHN MURPHY, P.O.DIMITRY BRUSHNIVSKY, P.O. ANDREW LASSEN, P.O. JOHN FABRIZIO, P.O NICHOLAS SCALZO , hereinafter referred to as NYPD OFFICERS, and other unnamed police officers are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, the individual defendants were acting under color of laws , statutes, ordinances , regulations, policies, customs and /or usages of the State of New York and the New York City Police Department in course and scope of all their duties and functions as officers, agents, servants and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and

3

with the power and authority vested in them by the City of New York and the New

York City Police Department and were otherwise performing and engaging in

conduct incidental to the performance of their lawful functions in the course of their

duties. They are sued individually and in their official capacity.

10.   By their  conduct, acts, and omissions complained of herein, Defendants , NYPD

OFFICERS, and other unnamed  New York City Police Officers, violated clearly

established constitutional standards under the First, Fourth, and Fourteenth

Amendments to the United States Constitution of which a reasonable police officer

under the circumstances would have known.


NOTICE OF CLAIM

11.   Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York,

setting forth the facts underlying Plaintiff's claim against  the CITY OF NEW YORK.

12.  The  plaintiffs, GLORIA GORHAM,   SADIE MILES  and ASHANTI GORHAM  were

subjected  to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50H on

13.   To date no compensation has been offered by Defendant  CITY OF NEW YORK.

14.   This action has been commenced within one year and ninety days of the date of

occurrence of the events giving rise to this COMPLAINT.

STATEMENT OF FACTS

15.  On  Aug 25, 2013, the plaintiffs were attending a memorial  birthday party for two

deceased children of   SADIE MILES,  located at 138  Holland Ave  in Staten Island ,

New York.

4

16.  The New York City Police Department had patrol cars at that location prior to an incident occurring and were apparently monitoring what was taking place at the party.

17.  There was no alcohol being consumed at the location prior to the incident taking place.

18.  The New York City Police, amongst them NYPD OFFICERS, at approximately 7:30pm then confronted one of the guests, Marvin Gorham, demanding he produce identification while standing in front of 138 Holland Ave.

19.  Thereafter, P.O.JOHN MURPHY assaulted plaintiff ASHANTI GORHAM and P.O. NICHOLAS SCALZO, P.O. DIMITRY BRUSHNIVSKY, and P.O. ANDREW LASSEN assaulted GLORIA GORHAM in that they pushed her to the ground, kicked her about the body, maced her and punched her in the face and further physically brutalized her while she was in the patrol car being transported to the precinct.   Additionally SADIESHA MILES was thrown to the ground and subjected to excessive force. The plaintiff SADIE MILES was assaulted and thrown to the ground.  The plaintiff LARIESE MILES was assaulted brutalized and sustained contusions and bruises.  The plaintiff DENISESHA LEE, was assaulted and subjected while in the patrol car to being fondled and groped.

FIRST CLAIM:  EXCESSIVE FORCE

DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983

20.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each proceeding paragraph as if fully set forth herein.

21.  The conduct and actions of Defendants  named above ,  acting in concert and under color of law, in authorizing, directing and/or causing  injuries to plaintiffs  by using excessive and unreasonable force upon said plaintiffs, was done intentionally, willfully, racially motivated,  maliciously, with deliberate indifference and /or  with reckless disregard for the natural and probable consequences of their acts, done without lawful justification or reason and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights  as guaranteed  under 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive , unreasonable, and unjustifiable force.

22.  As a direct and proximate result of the foregoing, Plaintiffs were subjected to great physical and emotional pain and humiliation, were deprived of their liberty and were otherwise the damaged and injured

### ASSAULT AND  BATTERY

### COMMON LAW CLAIM

23.  Plaintiff  alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

24.  By the conduct and actions described above named Defendants , inflicted the torts of assault and battery upon Plaintiffs.  The acts and conduct of  above named defendants  were the direct and proximate cause of injury and damage to

6

PLAINTIFFS and violated Plaintiffs statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.,

25.  The above named  Defendants  acts constituted an assault upon plaintiffs in that they  intentionally attempted to injure plaintiffs or committed battery upon them and further that that these  acts  represented a grievous affront to plaintiffs.

26.  The above named Defendants  acts constituted battery upon plaintiffs in that the above described bodily contact was unauthorized and grossly offensive in nature.

27.  The actions of these defendants    were intentional , reckless, and unwarranted and without any justification or provocation  and the above named  defendants ,  knew or should have known that their actions were without consent of plaintiffs.

28.  The injuries sustained by Plaintiffs were caused wholly and solely by reason of the conduct described and plaintiffs did not contribute thereto.

29.  As a direct and proximate result of the foregoing Plaintiffs were subjected to great physical and emotional pain and humiliation  were  deprived of their liberty and were  otherwise damaged and injured.

## INTENTION INFLICTION OF EMOTIONAL DISTRESS

## COMMON LAW CLAIM

30.  Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

31.  The above named  defendants conduct as fully set forth in the statement of facts which included the physical brutalization of Plaintiffs without provocation or

7

justification was extreme, outrageous and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency .

32.  The  Defendants ' conduct describe above, was intended to and did cause emotional distress to plaintiffs.

33.   The conduct of  Defendants  was the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

34.  As a result of the foregoing  Plaintiffs were deprived of their liberty were subjected to serious physical emotional pain and suffering,  and were, otherwise damaged and injured.

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

COMMON LAW CLAIM

35.  Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

36.   The above named Defendants   conduct in assaulting and battering of Plaintiffs, was careless and negligent as to the emotional health of Plaintiffs and caused severe emotional distress to plaintiffs.

37.   The acts and conduct of  Defendants was the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

38.  As a result of the foregoing, Plaintiffs were deprived of their liberty, were  subjected to serious physical  and emotional pain and suffering and were  otherwise damaged and injured

NEGLIGENCE

COMMON LAW CLAIM

39.   Plaintiff re-alleges and incorporates and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

40.   Defendant  NYPD OFFICERS,  while acting as agent and employee  for the City of New York, in their  capacity as a police officers for CITY OF NEW YORK,  owed a duty to plaintiffs to perform his police duties without the use of excessive force. Defendant NYPD OFFICERS,  use of force upon Plaintiffs when Plaintiffs  were unarmed and did not pose a threat of death or grievous bodily injury to defendants or to others constitutes negligence for which Defendant NYPD  OFFICERS  directly liable.

41.   Defendant  NYPD  OFFICERS  use of force against Plaintiffs constitutes negligence for which the  Defendant  NYPD OFFICERS  are directly liable

42.   As a  proximate result of defendant   NYPD OFFICERS   negligent use of excessive force , Plaintiffs  suffered physical and emotional pain and suffering and were otherwise damaged and injured.

NEGLIGENT RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK

FOR STATE LAW VIOLATIONS

COMMON LAW

43.   Plaintiffs re-allege and incorporate  by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

44.   The conduct of Defendant  NYPD  OFFICERS,  as alleged herein occurred while they were on duty and in uniform in and during the course and scope of their duties and functions as a New York City police officer, and while they were acting as an agent and employee of Defendant CITY OF NEW YORK.  As a result Defendant CITY OF NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

NEGLIGENT  SUPERVISION, RETENTION AND TRAINING

COMMON LAW

45.   Plaintiffs  re-allege and incorporates  by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

46.   DEFENDANT CITY OF NEW YORK, negligently trained, retained, and supervised Defendant NYPD OFFICERS,  and other New York City Police Officers.   The acts and conduct of these Defendants ,  was the direct  and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the law and Constitution of the State of New York.

47.   As a result of the foregoing , Plaintiffs were deprived of their liberty , were subjected to great physical and emotional pain and suffering and was otherwise damaged and injured.

WHEREFORE ,   Plaintiffs demand the following relief jointly and severally against all of the defendants:

10

a.  Compensatory damages in the amount to be determined by a jury.

b.  Punitive damages in an amount to be determined by a jury.

c.  The  convening and empanelling  of a jury to consider the merits of the

    claims herein:

d.  Costs and interest and attorney's fees:

e.  Such other and further relief as this Court may deem just and proper

Dated:  August 23, 2015
Newburgh, New York 12550

_____

Andrew Bersin (AB-8987)
LAW OFFICE OF ANDREW BERSIN
11 Peter Ave
Newburgh, New York 12550
(845)527-8812 abersin@aol.com

11