UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   14 CV 6865 (LDH) (RLM)
GLORIA GORHAM, ASHANTI GORHAM,
SADIESHA MILES,
DENIESHA LEE, LARIESE MILES                                              **DECLARATION OF**
                                                                          **ANDREW BERSIN IN**
                         Plaintiffs                **OPPOSITION TO DEFENDANTS'**
   -against-                                                            **MOTION FOR PARTIAL**
CITY OF NEW YORK , P.O. JOHN MURPHY, P.O.DIMITRY                          **SUMMARY JUDGMENT**
BRUSHNIVSKY,P.O. ANDREW LASSEN, P.O. JOHN FABRIZIO,
and  P.O NICHOLAS  SCALZO ,


                           Defendants
---------------------------------------------------------------------- ---X

**ANDREW BERSIN,** declares pursuant to 28 U.S.C. section 1746, under penalties of perjury, that the following is true and accurate.

1. I am an attorney representing the plaintiffs Gloria Gorham, Ashanti Gorham, Sadiesha Miles, Deniesha Lee and Lariese Miles, and as such I am familiar with the facts stated below and submit this declaration in opposition to the defendants' partial motion for summary judgment as to the plaintiff Deniesha Lee pursuant to the Federal Rules of Civil Procedure, 56.

2. The defendant has moved for partial summary judgment regarding the dismissal of the remaining claim of Deniesha Lee, for the federal claim of excessive force by the named defendant police officers.

3. It is claimed by the defendants that said claim must be dismissed because there is no evidence elicited during the course of discovery that implicates any of these defendants in the use of force against Ms. Lee.

4. It is the further contention of the defendants that the only force that Ms. Lee alleges that was used against her was by an officer Amico who is not a named defendant.

5. These assertions that were contained within said motion are not supported by the testimony that was adduced through the deposition testimony of plaintiff Deniesha Lee, Sadie Miles and defendant John Murphy.

6. In her rule 56.1 Statement, paragraphs 4 and 5, Ms. Byrns asserts that Ms. Lee during her deposition testimony stated that the only officer that exerted force against her was an officer named "Amico" who was not a named defendant. I have attached as Exhibit 1 the relevant excerpts from the deposition testimony of Denisha Lee, 42:15-43:18, wherein she testified that "Amico" had not pushed her to the ground and it was a Mexican looking cop who pushed her to the ground before "Amico" ever grabbed her. That statement clearly establishes that another police officer used force against her other than "Amico".

7. It is through the deposition testimony of Sadie Miles, Deniesha Lee and defendant John Murphy, that we can identify that one of the defendants who in fact used excessive force against Ms. Lee was the defendant Nicholas Scalzo.

8. I have annexed hereto as Exhibit 2 the relevant excerpts from the deposition of Sadie Miles, 32:3-33:15, wherein she testified that she observed two police officers who first pulled up to the scene and get out of their car to confront Marvin Graham. She goes on to describe that one of them was taller than the other one and he is the officer who was engaged in conversation and did most of the talking with Marvin Graham.

9. I have annexed hereto as Exhibit 3, relevant excerpts from the deposition testimony of the defendant Murphy, 39:20-40:6, wherein he establishes that it was only he and defendant Scalazo who first approached and confronted Marvin Graham.

10. Sadie Miles testified at her deposition Exhibit 2, 38:5-41:7, that after the initial confrontation with Marvin Graham those same two police officers then came after Ashanti Gorham and Deniesha Lee indicating that they wanted to lock them up. She then observed the taller one grab

2

and throw Ashanti to the ground and the shorter one throw Deniesha to the ground. Most significantly she stated unequivocally that these were the same two officers she had been previously describing that had first confronted Marvin Graham and who she stood next to and interacted with before they attacked her grandchildren, plaintiffs Ashanti Gorham and Deniesha Lee.

11. Defendant Murphy's testimony at his deposition Exhibit 3, 54:6-56:17, corroborates the testimony of Sadie Miles in that he had issued the summons to Marvin Graham and that an elderly lady had come up to both he and defendant Scalzo and made inquiries of them as to what was going on.

12. Furthermore, defendant Murphy indicated in his deposition testimony, Exhibit 3, 62:4-63:20, that he and the defendant Scalzo went to where the elderly lady was being beaten to break up the fight and the person he grabbed, dragged away and arrested was Ashanti Gorham. Therefore, based upon the testimony of Sadie Miles it is reasonable to conclude that she was describing defendant Murphy's partner, defendant Scalzo, as the officer who accosted and threw to the ground, plaintiff, Deniesha Lee.

13. The conclusion that can be reasonably drawn from the above referenced deposition testimony is that Sadie Miles observed Denisha Lee being thrown to the ground by the one of the officers, the shorter one, defendant Scalzo, who along with his taller partner, initially confronted Marvin Graham. Although she did not know his name the deposition testimony of defendant Murphy makes it clear that he and defendant Scalzo were the officers who interacted with Marvin Graham when Sadie Miles made her observations.

14. As the evidence must be considered in the light most favorable to the non-movant party, namely the plaintiff, a jury has a reasonable basis to conclude that more likely than not Sadie Miles was describing the defendant Scalzo as the officer who threw Deniesha Lee to the ground.

3

Dated: Newburgh, New York

April 11, 2016

Andrew Bersin
Law Office of Andrew Bersin
11 Peter Ave
Newburgh, NY 12550
(845)527-8812

Cc: BY MAIL
Corporation Counsel City of New York
Att: Katherine Byrns
100 Church St
New York, NY 1007

4