UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X     14 CV 6865 (LDH) (RLM)
GLORIA GORHAM, ASHANTI GORHAM,
 SADIESHA MILES,
DENIESHA LEE,  LARIESE MILES

                                              Plaintiffs

    -against-

CITY OF NEW YORK,   P.O.  JOHN MURPHY, P.O.DIMITRY
BRUSHNIVSKY,P.O.  ANDREW LASSEN, P.O. JOHN FABRIZIO,
and  P.O NICHOLAS  SCALZO  ,
                                              Defendants

---------------------------------------------------------------------------------- ---X

## **PLAINTIFFS' RESPONSE TO DEFENDANTS SUBMISSION CONCERNING MATTERS TO BE RESOLVED *IN LIMINE***

**PRELIMINARY STATEMENT**

     Having read  the defendants submission to this Court regarding their motion in limine concerning anticipated evidence that the plaintiff would seek to introduce there are several matters that need to be clarified.  Gloria Gorham   is not seeking the loss of wages claim   as set forth in Point II.   The plaintiff furthermore does not intend to elicit any testimony concerning disciplinary history of any of the defendants as set forth in Point IV of their memorandum.

Regarding Point I,  Sadie Miles, will testify as a witness to the events that took  place at the incident not as a claimant.

POINT 1

**THE  PLAINTIFFS  INTEND TO INTRODUCE EVIDENCE OF INJURIES THAT WERE   SUSTAINED BY THESE PLAINTIFFS THAT WERE DELINIATED IN RECORDS THAT THE DEFENDANTS WERE IN POSSESSION OF OR PROVIDED AUTHORIZATIONS FOR.**

     Upon reading Point 111  it seemed that the defense was  claiming  that they were not in possession of any of the medical records so as to appropriately evaluate the injury claims for each of the plaintiffs.  As this was not true   I reached out to Defense counsel, Ms. Byrns, to clarify the meaning of

that Point in her Motion and received her response which I have attached as Exhibit 1.   Ms. Byrns clarifies Point 111 as she acknowledges that she did receive medical records and authorizations. Therefore,  It  is understood by the plaintiffs that they will be bound regarding the injuries to the medical records that were obtained either from the authorizations or otherwise.  It is therefore understood that Sadiesha Miles can only testify to those injuries that are delineated in the records that were obtained by the defense.