```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GLORIA GORHAM; ASHANTI GORHAM;
SADIE MILES, SADEISHA MILES; DENIESHA
LEE; LARIESE MILES,
```

                                     **MEMORANDUM OF**
                                     **DECISION AND ORDER**

              Plaintiffs,                  14-CV-06865 (LDH) (RLM)

      -against-

```
CITY OF NEW YORK; P.O. JOHN MURPHY;
P.O. DMITRY BRUSHNIVSKY; P.O. ANDREW
LASSEN; P.O JOHN FABRIZIO; P.O. NICHOLAS
SCALZO,

                Defendants.
------------------------------------------------------------------x
```
LASHANN DEARCY HALL, United States District Judge:

## BACKGROUND

On August 25, 2013, Plaintiff, Deniesha Lee, was in attendance at a party at non-party Sadie Miles' home when officers arrived and confronted a guest. (Pl.'s Rule 56.1 Statement ¶ 1, ECF No. 41; *see also* Am. Compl. ¶¶ 15 and 19, ECF No. 12.) The record before the Court does not clearly establish the events that followed, but it is undisputed that Plaintiff was subsequently arrested for disorderly conduct. (*Id.*) During her arrest, Plaintiff alleges Defendants, Officer John Murphy, Sergeant Dmitry Brushnivsky, Officer Andrew Lassen, Officer John Fabrizio, and Officer Nicholas Scalzo, assaulted her and later fondled her in a patrol car. (Am. Compl. ¶ 19.) Plaintiff now brings suit under 42 U.S.C § 1983, asserting that the Defendants used excessive force in violation of her Fourth Amendment rights. (*Id.* at ¶ 1.) Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

1

**STANDARD OF REVIEW**

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists when the evidence as to a fact that might affect the outcome of a suit is such that a reasonable jury could find in favor of the non-movant at trial. *Anderson*, 477 U.S. at 248. The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330-331 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Once the movant meets that burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Castro v. County of Nassau*, 739 F. Supp. 2d 153, 165 (E.D.N.Y. 2010) (citing *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996)).

**DISCUSSION**

"It is well settled in this Circuit that the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages" under 42 U.S.C § 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). To survive summary judgment in cases alleging excessive force, however, a plaintiff need not establish which of the named defendants used excessive force. Rather, where the record demonstrates that defendants were present for and involved in the acts alleged to constitute excessive force, plaintiff's inability to identify the

exact defendant responsible for the violation does not merit a grant of summary judgment in defendants' favor. *See Burks v. Perrotta*, No. 13-CV-5879, 2015 WL 2340641, at *7 (S.D.N.Y. May 15, 2015) (denying summary judgment as to excessive force claims where plaintiff could not identify the officer who hit him, but it was undisputed that defendants were among the officers present).

Defendants maintain that this case is ripe for dismissal because Plaintiff has not offered sufficient evidence that any of the named defendants were personally involved in the alleged deprivation of Plaintiff's constitutional rights. (Pl.'s Mem. Supp. Mot. Summ. J. 4, ECF No. 39.) Specifically, Defendants direct the Court to portions of Plaintiff's deposition testimony where she states that the only officer who touched her at the scene was someone named Amico, a non-party to this suit. (*Id.* at 4; Byrns Decl. Ex. E, 65:10-17, ECF No. 37-5.) Defendants' argument, however, ignores additional testimony from that same deposition where Plaintiff indicates plainly that another police officer "pushed her to the ground." (Bersin Decl. Ex. 1, 43:2-5, ECF No. 40-1 ("here is like another cop, Amico (phonetic), he is dragging me off the floor. I don't even know when he came into play, because he is not the cop who like pushed me to the ground").)

In addition, testimony by Sadie Miles and Officer Murphy establish that Officer Murphy and at least two other named defendants – Officer Scalzo and Sergeant Brushnivsky – were at the scene and involved in the acts resulting in the alleged excessive force. Specifically, Ms. Miles testified that one of "the same two officers" who confronted Marvin Graham, another guest at the party, grabbed Plaintiff and threw her to the ground. (Bersin Decl. Ex. 2; 32:3-33:15, 39:8-19, 41:4-5, ECF No. 40-2.) In his deposition, Officer Murphy stated that it was he and Officer Scalzo who confronted Mr. Graham at the party. (Bersin Decl. Ex. 3, 39:7 - 40:6, ECF No. 40-

3

3.) Officer Murphy further testified that he engaged in physical force with women at the scene, and described how he, Officer Scalzo, and Sergeant Brushnivsky, approached women to break up a fight. (Bersin Decl. Ex. 3, 54: 3-22.) In the course of that encounter, Officer Murphy testified that he, in fact, grabbed and dragged a woman. (*Id.* at 63:2-20.)

Contrary to Defendants' contention, that Plaintiff has yet to establish which of these defendants allegedly used excessive force is not grounds to grant the motion for summary judgment. (*See* Defs.' Reply 4-5.) Indeed, the question of whether excessive force was used in arresting Plaintiff and which, if any, of these three defendants was responsible are questions of fact that preclude summary judgment. *Burks*, 2015 WL 2340641, at *7; *see also Hattar v. Carelli*, No. 09-CV-4642, 2012 WL 246668, at *3 (S.D.N.Y. Jan. 11, 2012) ("questions of fact regarding when [plaintiff] was injured and by whom" precluded summary judgment where plaintiff could not identify the officer who used excessive force against him, but presented facts showing that the named defendants were present at and involved in the acts resulting in excessive force). Accordingly, Defendants' motion for summary judgment is denied as to Plaintiff's claims against Officer Murphy, Officer Scalzo, and Sergeant Brushnivsky. However, because Plaintiff offers no evidence establishing that Officers Lassen or Fabrizio were present for or could have been involved in any excessive force, Defendants' motion for summary judgment is granted as to Officers Lassen and Fabrizio.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is hereby denied, in part, and granted, in part. Defendants' motion for summary judgment is denied as to Plaintiff's claims against Officer Murphy, Officer Scalzo, and Sergeant Brushnivsky. However, Plaintiff's claims against Officers Lassen and Fabrizio are hereby dismissed, with prejudice.

4

SO ORDERED:
/s/ LDH
L aSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
July 9, 2016